UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID L. LOYD,<br><br>Petitioner,<br><br>-against-<br><br>ULSTER COUNTY DISTRICT ATTORNEY, et al.,<br><br>Respondents. | 1:26-CV-6194 (LTS)<br><br>ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner David L. Loyd, who appears *pro se*, seeks *habeas corpus* relief that this Court cannot grant at this time. He brings a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, but he does not appear to be incarcerated, detained, or serving a term of parole, post-release supervision, or probation.[1] Petitioner seems to be seeking Section 2241 *habeas corpus* relief with regard to two upcoming state court criminal hearings, for which he has been directed to appear, that are scheduled to take place in two different state courts, one in Sullivan County, New York, and one in Ulster County, New York, both on July 27, 2026, at 9:30 a.m. In his petition, he asks this Court to: (1) immediately enjoin the proceedings in both state courts; (2) "discharge . . . Petitioner from all [unspecified] pre-trial restraints and . . . vac[ate] . . . [both state court] dockets"; (3) "[o]rder an immediate federal litigation hold on all server logs for

[1] In his *in forma pauperis* application, Petitioner asserts that he is "currently subjected to intensive pretrial release supervision restrictions across multiple jurisdictions enforced by Respondents" (ECF 2, at 1), but he does not specify what those restrictions are. He also mentions, in his "notice of emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241," that he is seeking "immediate release . . . from all pre-trial restraints" (ECF 5), but he does not describe those restraints.

There is no record or database of which the Court may take judicial notice that indicates that Petitioner is currently incarcerated, detained, or serving a term of parole, post-release supervision, or probation.

Sokoloff Stern LLP and the respective [Sullivan and Ulster County] District Attorney offices"; (4) ". . . [o]rder . . . the Federal Bureau of Investigation['s] . . . Cyber Division or an independent, certified digital forensics examiner to perform a full forensic extraction and mirror image" of Petitioner's devices; and (5) grant other relief that the Court deems just and proper. (ECF 1, at 3-4.) Petitioner has also filed motions seeking similar, if not the same, immediate relief. (ECF 3, 5, 6.) Petitioner has further filed supportive submissions. (ECF 4, 7, 8, 9.)

By order dated July 23, 2026, the Court granted Petitioner leave to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. For the reasons discussed below, the Court denies this petition for Section 2241 *habeas corpus* relief, and denies his pending motions and requests, but grants Petitioner 30 days' leave to file an amended petition.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of that custody on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the [petition] that the [petitioner] . . . is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "'from compliance with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

### A. Section 2241 *habeas corpus* jurisdiction

This Court lacks *habeas corpus* jurisdiction to consider the claims raised in this Section 2241 action. A federal court has jurisdiction to consider a petition for a writ of *habeas corpus* under Section 2241 with respect to a person who is "in custody" within the meaning of that statute. *See* 28 U.S.C. § 2241(c); *Munaf v. Green*, 553 U.S. 674, 685 (2008); *Rasul v. Bush*, 542 U.S. 466, 473 (2004). The availability of *habeas corpus* relief is not limited to situations in which the petitioner is in actual, physical custody. *E.g.*, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300 (1984). But it is available only if the petitioner suffers from substantial restraints not shared by the general public. *See*, *e.g.*, *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). Specifically, the petitioner "cannot come and go as he pleases. His freedom of movement rests in the hands of state . . . officers . . . ." *Id.* This "in custody" requirement is a jurisdictional prerequisite for Section 2241 *habeas corpus* relief. *E.g.*, *Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019).

Petitioner alleges that he is under some sort of restraints, but he does not specify those restraints and who imposed them. Because of that, and because he does not allege that he is physically restrained in any way by state officials (there is no record of such physical restraints on him, and his mailing address is not a correctional facility mailing address), he does not allege facts sufficient to show that he "cannot come and go as he pleases."[2] *Hensley*, 411 U.S. at 351. In other words, Petitioner alleges nothing to suggest that he is currently "in custody" for the purposes of Section 2241 *habeas corpus* jurisdiction. Accordingly, the Court denies this petition

[2] If any such restraints have anything to do with Petitioner's access to digital devices or data, Petitioner does not allege facts sufficient to show that.

for lack of jurisdiction. In light of Petitioner's *pro se* status, however, the Court grants Petitioner leave to file an amended petition to allege facts showing that he was "in custody" at the time of the commencement of this action.

**B. *Younger* abstention doctrine**

Alternatively, even if the Court did have Section 2241 *habeas corpus* jurisdiction to consider this action, to the extent that Petitioner asks for this Court's intervention into his ongoing criminal proceedings in the state courts in Sullivan and Ulster Counties, the Court must deny the relief he seeks pursuant to the abstention doctrine articulated by the Supreme Court of the United States in *Younger v. Harris*, 401 U.S. 37 (1971). Under that doctrine, a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). It has been applied to the three following categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). It applies to claims for injunctive relief, as well as to claims for declaratory relief, sought in a federal court that would cause that court to intervene in any of those types of state court proceedings. *See Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000).

Petitioner alleges no facts, in any of his submissions, suggesting that any bad faith, harassment, or irreparable injury that is both serious and immediate has occurred in his proceedings in either state court. Thus, the *Younger* abstention doctrine prevents this Court from intervening into those proceedings. For that alternative reason, this Court denies this petition. But

again, because Petitioner appears *pro se*, the Court grants him leave to file an amended petition to allege such facts.

### C. Leave to amend

The Court grants Petitioner 30 days' leave to file an amended petition solely to allege facts showing that the court has Section 2241 *habeas corpus* jurisdiction to consider this action and that, if it does, the relief Petitioner seeks does not run afoul of the *Younger* abstention doctrine. If Petitioner does not file an amended petition within the time allowed, or does not allege sufficient facts, the Court will direct the Clerk of Court to enter a judgment dismissing this action without prejudice and denying a certificate of appealability, *see* 28 U.S.C. § 2253, for the reasons set forth in this order.

## CONCLUSION

The Court denies the petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2241, without prejudice, for the reasons set forth in this order. The Court, however, grants Petitioner 30 days' leave to file an amended petition to allege facts sufficient to show that the Court has Section 2241 *habeas corpus* jurisdiction to consider this action and that the relief Petitioner seeks does not run afoul of the *Younger* abstention doctrine. If Petitioner does not file an amended petition within the time allowed, or does not allege sufficient facts, the Court will direct the Clerk of Court to enter a judgment dismissing this action without prejudice and denying a certificate of appealability, *see* 28 U.S.C. § 2253, for the reasons set forth in this order.

Accordingly, because of the abovementioned deficiencies, the Court denies all motions and requests pending in this action.

The Court therefore directs the Clerk of Court to terminate ECF 3 and 6.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See id*.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 24, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge