UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID L. LOYD,

Petitioner,

-against-

ULSTER COUNTY DISTRICT ATTORNEY; ULSTER COUNTY SHERIFF; SULLIVAN COUNTY DISTRICT ATTORNEY; SULLIVAN COUNTY SHERIFF,

Respondents.

1:26-CV-6194 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered on July 24, 2026, the Court denied Petitioner, without prejudice, relief sought under 28 U.S.C. § 2241 due to a lack of *habeas corpus* jurisdiction and the applicability of the abstention doctrine first articulated by the Supreme Court of the United States in *Younger v. Harris*, 401 U.S. 37 (1971). (ECF 12.) The Court, however, granted Petitioner, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), 30 days' leave to file an amended petition under Section 2241 in which he was to allege facts showing that the court has Section 2241 *habeas corpus* jurisdiction to consider this action and that the relief he seeks does not run afoul of the abovementioned *Younger* abstention doctrine.[1] (*Id.*)

The Court also notes that, following the entry of the abovementioned order, Petitioner filed 44 submissions; it appears that he filed submissions approximately every week after the entry of that order and, at times, he filed multiple submissions on the same date. (ECF 16-59.) These submissions include two amended petitions, various motions (including motions for

[1] The Court notes that three of Petitioner's submissions that were filed on July 22 and 23, 2026, were not entered on the court's docket until July 28, 2026, after that order had been entered. (ECF 13, 14, 15.)

"emergency relief"), a consent to electronic service of court documents, letters, multiple supplemental affirmations, and "emergency notices." (*Id.*) The Court understands the document docketed at ECF 17 to be Petitioner's amended petition filed in response to the Court's July 24, 2026 order, and the remainder of the abovementioned submissions—not including Petitioner's consent to electronic service of court documents (ECF 21), but including those filed before the entry of the Court's July 24, 2026 order and not entered until after its entry (ECF 13, 14, 15, 16-20, 22-59)—to be supplements of Petitioner's amended petition. For the reasons discussed below, the Court grants Petitioner 30 days' leave to file ***one*** second amended petition for Section 2241 *habeas corpus* relief in which he challenges his present custody associated with his pending Ulster County and Sullivan County state-court criminal proceedings.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of that custody on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the [petition] that the . . . [petitioner] is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Liberally construing Petitioner's amended petition and its supplements, the Court understands them to allege the following: Petitioner is being prosecuted in New York State courts in both Ulster and Sullivan Counties; he has been convicted in the Ulster County proceedings, but has yet to be sentenced in those proceedings, and his criminal liability has yet to be determined in the Sullivan County proceedings. It appears that, at least with respect to his Sullivan County proceedings and, perhaps, also with respect to his Ulster County proceedings, he has been ordered released on his own recognizance while those proceedings have been pending.[2]

Petitioner filed petitions for writs of *habeas corpus*, challenging his custody associated with his Ulster County and Sullivan County proceedings, directly in the New York Supreme Court, Appellate Division, Third Department.[3] In Decisions and Orders entered on May 14, 2026, and on May 21, 2026, the Third Department denied those petitions. (ECF 40, at 9, 11.) Petitioner then sought leave to appeal those denials of state-court *habeas corpus* relief in the New York Court of Appeals. In orders dated September 17, 2026, the New York Court of Appeals denied leave to appeal with respect to both of Petitioner's abovementioned applications for leave to appeal. (ECF 52-1, at 1-2.)

[2] It is not entirely clear whether Petitioner has been released on his own recognizance with respect to his Ulster County proceedings. But Petitioner gives no indication that he is incarcerated or otherwise in physical custody with respect to such proceedings.

[3] Under Article 70 of the New York Civil Practice Law and Rules, a petition for a writ of *habeas corpus* brought in a New York State court may be filed in, among other state courts, "the appellate division in the department in which the person is detained." N.Y.C.P.L.R. § 7002(b)(2). Such a petition may be filed by, among others, "[a] person illegally imprisoned or otherwise restrained in his liberty within the state, or one acting on his behalf." N.Y.C.P.L.R. § 7002(a).

## DISCUSSION

### A. *Habeas corpus* jurisdiction

For the purposes of this order, the Court assumes that, at the time that Petitioner initiated this Section 2241 *habeas corpus* action, he had been ordered released on his own recognizance with respect to both his Ulster County and Sullivan County proceedings. Section 2241 *habeas corpus* relief cannot be granted unless, among other fulfilled requirements, the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A person who has been ordered released on his own recognizance during his pending state-court criminal action is considered "in custody" for the purposes of federal *habeas corpus* jurisdiction. *See Hensley v. Mun. Court, San Jose Milpitas Jud. Dist., Santa Clara Cnty., Ca.*, 411 U.S. 345 (1973).

In addition, in order to consider a petition for *habeas corpus* relief under Section 2241, a federal court must have jurisdiction over the person who has custody of the petitioner seeking such relief. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not . . . some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 456 (2004). "If, on the other hand, the petition challenges a broader form of legal, non-physical custody, then the proper respondent is the person with legal authority to effect that custody." *S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 407 (S.D.N.Y. 2018) (Caproni, D.J.).

Petitioner, in his amended petition and its supplements, names as Respondents: (1) the Ulster County District Attorney; (2) the Ulster County Sheriff; (3) the Sullivan County District

Attorney; and (4) the Sullivan County Sheriff.[4] Thus, it would appear that, regardless of who the proper respondent(s) is/are with respect to Petitioner's custody status in having been released on his own recognizance, such a respondent with respect to his Ulster County-associated custody would be an Ulster County official, and the proper respondent with respect to his Sullivan County-associated custody would be a Sullivan County official. *Cf. United States v. Arthur*, 367 F.3d 119, 122 (2d Cir. 2004) (holding, in the bail context, that because the litigant's "'bail conditions were set in the Eastern District of New York[,] . . . . those bail conditions place [the litigant] in custody[] [of] the officials who administer the bail system in the Eastern District of New York[,] [who] logically should be considered [the litigant's] custodians"); *see generally Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899 (2d Cir. 1996) ("[A] person released on his own recognizance is usually considered to be in his own custody . . . . But it would be odd to make . . . [him] the respondent in a habeas corpus action . . . . [and] the Supreme Court has decided that such a person should be allowed to seek unconditional freedom through an action for habeas corpus despite the absence of a custodian. The important thing *is . . . that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom.*'" (quoting *Reimnitz v. State's Attorney of Cook Cnty.*, 761 F.2d 405, 408-09 (7th Cir. 1985)).

Section 2241(a) allows for *habeas corpus* writs to be granted within federal courts' "respective jurisdictions." In *Braden*, as mentioned above, the Supreme Court of the United States held "that the court issuing the writ [must] have jurisdiction over the custodian." 410 U.S.

[4] While Sullivan County lies within this judicial district—the Southern District of New York—Ulster County lies within the Northern District of New York. *See* 28 U.S.C. § 112(a), (b).

at 495. This jurisdiction exists "[s]o long as the custodian can be reached by service of process, . . . even if the prisoner himself is confined outside the court's territorial jurisdiction." *Id.* Accordingly, because both Sullivan and Ulster County custodians can be reached by service of process from this court, the court has Section 2241 *habeas corpus* jurisdiction to consider both Petitioner's Sullivan County and Ulster County-associated Section 2241 custody challenges. *See Cofield v. Lempke*, No. 10-CV-0284, 2011 WL 2881951, at *3 (W.D.N.Y. July 15, 2011) (holding, in the context of a *habeas corpus* petition brought under 28 U.S.C. § 2254, that, under Fed. R. Civ. P. 4(k)(1)(A) and N.Y.C.P.L.R. §§ 301-302, "the scope of this [c]ourt's service-of-process extends at least to the boundaries of New York State"); *Brooks v. Strack*, No. 98-CV-6528, 1999 WL 672949, at *3 (E.D.N.Y. Aug. 25, 1999) (same); *see also Rosario v. United States*, No. 1:02-CV-3360 (HB), 2004 WL 439386, at *3 (S.D.N.Y. Mar. 9, 2004) (holding, in the context of Section 2241 claims for relief filed by a federal prisoner, that "the fact that [the petitioner] was incarcerated within the Eastern District of New York is of no moment and this [c]ourt, in the interests of judicial economy, can decide all issues raised in his petition").

**B. The amended petition and its supplements do not specify grounds for relief and supporting facts**

The amended petition and its supplements, in their current state, do not specify the grounds upon which Petitioner seeks Section 2241 *habeas corpus* relief or the facts that support those grounds. A *habeas corpus* petition must specify all of the petitioner's grounds for relief, and it must include all the facts that support those grounds. Rule 2(c)(1) and (2) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").[5] A

[5] There are no such rules for Section 2241 petitions. But these rules, which govern *habeas corpus* petitions brought under Section 2254, may be applied to other types of *habeas corpus* petitions. *See* Rule 1(a) and (b) of the Section 2254 Rules.

petition must permit the Court and the Respondents to comprehend both the grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

In addition, the Federal Rules of Civil Procedure generally "apply to proceedings for habeas corpus." Fed. R. Civ. P. 81(a)(4); *see also* Rule 12 of the Section 2254 Rules ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the Section 2254 Rules], may be applied to a proceeding under [the Section 2254 Rules]." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain . . . *a short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Petitioner's amended petition and its supplements do not conform with any of the abovementioned rules because they do not: (1) specify Petitioner's ground(s) for *habeas corpus* relief under federal law; (2) provide factual support for such grounds; and (3) do so in a short, plain, and concise manner. Even with the liberal construction that must be applied to *pro se* submissions, neither the Court nor any Respondent would be able to discern the federal legal basis for the relief sought, which appears to be release from whatever unspecified restraints that have been imposed on Petitioner as a result of being released on his own recognizance, as well as the cessation of the Ulster County and Sullivan County proceedings.

In light of Petitioner's *pro se* status, however, the Court grants Petitioner leave to file ***one*** second amended petition for Section 2241 *habeas corpus* relief in which he challenges his current custody status as to both his Ulster County and Sullivan County proceedings. His second amended petition must conform to the abovementioned requirements of those rules that the Court has articulated in this order. Thus, in a short, plain, and concise manner, Petitioner must state, in

his second amended petition, his federal-law grounds for Section 2241 *habeas corpus* relief and provide the facts that support those grounds.

**C. Exhaustion of state-court remedies**

The amended petition and its supplements, in their current state, also do not clearly indicate whether Petitioner has exhausted his available state-court remedies as to those grounds under federal law that he is attempting to raise in this *habeas corpus* action. Before seeking Section 2241 *habeas corpus* relief in a federal court, a person being prosecuted in a state court must first exhaust his available state-court remedies by first raising his grounds under federal law for such relief with the state courts. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While . . . Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). Under this exhaustion doctrine, the state courts must be given the first opportunity to review the federal-law errors associated with a petitioner's custody. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (discussion in the context of *habeas corpus* petitions brought under Section 2254). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a State's established appellate review process. *See id.* at 845 (same)."A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (same, quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

The Court assumes, for the purposes of this order, that, in unsuccessfully seeking state-court *habeas corpus* relief directly from the Appellate Division and then unsuccessfully seeking leave to appeal the denial of that relief in the New York Court of Appeals, Petitioner has exhausted available state-court remedies. What is not clear, however, is whether, during that

state-court *habeas corpus* litigation, he raised any federal-law grounds, and whether he is raising, as he must, the same federal-law grounds here to seek Section 2241 *habeas corpus* relief. Accordingly, in his second amended petition, Petitioner must state, *in the short, plain, and concise manner discussed above*: (1) whether he raised any federal-law grounds in his state-court *habeas corpus* litigation, in both the Appellate Division and in the New York Court of Appeals; (2) what those grounds were; (3) the facts that support those grounds; and (4) whether he is asserting any of the same federal-law grounds for Section 2241 *habeas corpus* relief in this action.[6]

**CONCLUSION**

The Court grants Petitioner 30 days' leave to file ***one*** second amended petition, as specified above; it must be submitted to the Clerk's Office within 30 days of the date of this order, be captioned as a "Second Amended Petition," and bear the same docket number as this order (1:26-CV-6194 (LTS)). *The second amended petition will completely replace, not supplement, all of Petitioner's previously filed submissions, including his amended petition and*

[6] To the extent that Petitioner seeks federal *habeas corpus* relief under the Fourth Amendment, the Court notes that the Supreme Court of the United States has made clear that federal *habeas corpus* relief is unavailable to litigants prosecuted in state courts who seek such relief on the ground that a state trial court allowed the introduction of evidence obtained in an allegedly unconstitutional search or seizure in violation of the Fourth Amendment exclusionary rule. *See Stone v. Powell*, 428 U.S. 465, 494 (1976); *Graham v. Costello*, 299 F.3d 129, 133-34 (2d Cir. 2002). There are two exceptions to this rule: "(a) if the state has provided no corrective procedures at all to redress the alleged [F]ourth [A]mendment violations; or (b) if the state has provided a corrective mechanism, but the [petitioner] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1997). A petitioner who has been given a full and fair opportunity to litigate his Fourth Amendment claim in the state courts, but is nevertheless unsuccessful or never took advantage of that opportunity, however, cannot seek federal *habeas corpus* relief on that ground. *See Graham*, 299 F.3d at 134.

*its supplements*. A second amended petition form is attached to this order for Petitioner's convenience.

Once submitted, the second amended petition will be reviewed for substantive sufficiency, and then, if proper, this action will be reassigned to a District Judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will dismiss this action without prejudice.

In light of the abovementioned deficiencies in Petitioner's amended petition and in its supplements, the Court denies all of Petitioner's pending motions and requests for relief, including any for "emergency relief." Accordingly, the Court directs the Clerk of Court to terminate ECF 19, 20, 43, 52, and 55.

Because Petitioner has not, at this time, made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 16, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge